Morgan, J.,
dissenting. The plaintiff in the rule out of which this proceeding grows, does not claim to be the owner of the books in question. The relators do not pretend to their ownership.
W. S. Pike, it is alleged, was the President of an insurance company. The books of the company were in his possession. The relators found them among his effects.
No person has been appointed by the parties interested in the insurance company to take charge of them.
The plaintiff took a rule upon Mrs. Pike and John Pike, not for their possession but to be authorized to. examine them. He alleges that he owns stock in the company exceeding $3000. No direct action has been instituted. The proceedings commenced by rule. The judge ordered that the books be subject to the inspection of the plaintiff in rule whenever he pleased to examine them on days not legal holidays between the hours of 10 A. M. and 3 P. M.
From this judgment the relators moved for a suspensive appeal, which was granted upon their furnishing bond in the sum of $300. Plaintiff in rule then moved to set aside the appeal, which was done, as regards its suspensive effect, upon the ground that the bond was not sufficient.
I can not agree with my brethren in the opinion that we are without jurisdiction ratione materiw. The relators are by the judgment of *678 the district judge, condemned to submit to a diurnal visit during every legal day, and during all the business hours thereof. To my mind this involves a great deal more than the sum of five hundred dollars. It gives to the plaintiff an office in the relator’s house or at their place of business. It puts a person near them, overlooking their business, and destroys their privacy. Such inconveniences and annoyances are in my opinion of much greater consequence than five hundred dollars.
I think, too, that the bond was sufficient. It was in the sum fixed by the judge, and, as there was neither moneyed judgment to be executed, nor property to be delivered, the bond given was sufficient.
I think the mandamus should be made peremptory.